J-S17018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHALOEUNPORN | : | |
| | : | |
| Appellant | : | No. 4009 EDA 2017 |

Appeal from the PCRA Order December 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004499-2007

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                           **FILED MAY 10, 2019**

Appellant, David Chaloeunporn, appeals *pro se* from the order entered on December 11, 2017, dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As we previously explained:

> On December 6, 2007, Appellant . . . entered a[n open] guilty plea to multiple sexual offenses involving two of his nieces, ages ten and [13].  On May 28, 2008, the trial court sentenced Appellant to an aggregate term of seven and one-half to [15] years of imprisonment, to be followed by a [25] year probationary term.  Appellant did not file a direct appeal.

***Commonwealth v. Chaloeunporn***, 106 A.3d 178 (Pa. Super. 2014) (unpublished memorandum) at 1.

On November 25, 2008, Appellant filed his first PCRA petition. The PCRA court dismissed the petition on October 10, 2013 and, on August 27, 2014, we affirmed the PCRA court's order. *Id.* at 1-7.

Appellant filed the current petition – his second – on July 7, 2016. Within this petition, Appellant claimed:

> [Appellant] is a Cambodian [immigrant] who became a naturalized U.S. citizen. He had no translator provided for any proceedings. This is his second PCRA filed pursuant to § 9543 in that exculpatory evidence has subsequently become available and would have demonstrated actual and factual innocence at trial. The evidence is in the form of [Appellant's] ex-wife's notarized affidavit [and she] is the first of five witnesses who will testify to demonstrate [Appellant's] innocence. Also plea attorney Ronald Smith will be shown to have unlawfully induced a guilty plea from this petitioner even though he is innocent. This new evidence is not cumulative because no affidavits of recantation have been materially filed in this matter.

Appellant's Second PCRA Petition, 7/7/16, at 3.

Appellant attached his ex-wife's affidavit to his petition. The affidavit declares:

> I, Tum Chaloeunporn, former wife of [Appellant], took the fathers of [the victims] to the office of Ronald Smith, Esq., defense attorney of [Appellant], for the purpose of delivering a letter of recantation to the charges in this case, prior to the guilty plea. I will freely testify to this fact in open court.

*Id.* at Attachment.

The PCRA court appointed counsel to represent Appellant during the proceedings. Trial Court Order, 5/17/17, at 1. However, court-appointed counsel filed a motion to withdraw and a no-merit letter pursuant to

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See Turner/Finley* Letter, 9/27/17, at 1-6. After receiving the *Turner/Finley* filing, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907(1). Appellant filed a response to the *Turner/Finley* letter and the Rule 907 notice, which: claimed that the petition was timely under the federal Antiterrorism and Effective Death Penalty Act; requested that appointed counsel "withdraw" her request to withdraw; requested that the PCRA court judge recuse; and, reiterated the claim he raised in his PCRA petition. *See* Appellant's Response, 11/2/17, at 1-8.

On December 11, 2017, the PCRA court dismissed Appellant's petition and the PCRA court later granted counsel's petition to withdraw. Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotations and some citations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. *See* PCRA Court Order, 10/13/17, at 1. We agree. Appellant's judgment of sentence became final in 2008. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant's current petition, which was filed on July 7, 2016, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly-discovered facts" exception to the time-bar. This statutory exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).[1]

As our Supreme Court has explained:

subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the **facts** upon which the claim was predicated were **unknown**" and (2) "could not have been ascertained by the exercise of **due diligence**." 42 Pa.C.S. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

---

[1] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." ***See id.*** at Comment. Appellant filed his current petition on July 7, 2016; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

Further, to properly invoke the newly-discovered facts exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "60-day requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

In Appellant's petition, Appellant never pleaded the date upon which he learned that his former wife had allegedly recanted her testimony or delivered a "letter of recantation" to Appellant's trial counsel.[2] *See* Appellant's Second PCRA Petition, 7/7/16, at 1-8 and Attachments. Therefore, on this basis alone,

---

[2] The affidavit from Appellant's former wife is dated May 12, 2016. The affidavit alleges that she delivered "a letter of recantation" to Appellant's defense counsel "prior to the guilty plea." Appellant's Second PCRA Petition, 7/7/16, at Attachment. Appellant's second PCRA petition was filed within 60 days of the date marked on the affidavit. However, there is no evidence as to when Appellant learned that his former wife had allegedly delivered the "letter of recantation" to his trial counsel or, more specifically, when his former wife recanted her testimony. As such, Appellant failed to plead that he filed his petition, invoking the claim of newly-discovered facts, "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b).

we conclude that Appellant did not properly plead the newly-discovered facts exception to the PCRA's one-year time-bar, as Appellant failed to plead that he filed his petition, invoking the claim, "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Since Appellant failed to plead a valid exception to the PCRA's one-year time-bar, Appellant's petition is time-barred. Thus, our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19